IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br>FOR THE USE OF<br><br>NORA SYSTEMS, INC.<br>   Plaintiff,<br><br>VS.<br><br>LOUMOS GROUP LLC and PLATTE RIVER<br>INSURANCE COMPANY<br>   Defendants. | CIVIL ACTION NO.<br>_____ |

## COMPLAINT

The Plaintiff says:

### I.

### Parties

1. NORA SYSTEMS, INC., hereinafter referred to as "Nora", the use Plaintiff herein, is a corporation with its principal place of business located in Salem, New Hampshire. Nora is engaged in the business of providing rubber flooring and adhesive and related materials for incorporation into improvements on real property.

2. Defendant, LOUMOS GROUP LLC, hereinafter referred to as "Loumos", is a domestic limited liability company with its principal place of business located at 2257N. Loop 336 W., Ste. 140, Conroe, TX 77304-3566. Service may be obtained by serving Loumos's registered agent, Ronald E. Mathis, at 11811 N. Freeway, #500, Houston, TX 77060.

3. Defendant, PLATTE RIVER INSURANCE COMPANY, hereinafter referred to as "PRIC" is a Foreign Corporation engaged in the business of issuing payment bonds on construction

projects. PRIC maintains its principal place of business at PO Box 5900, Madison, WI 53705-0900. 15 Service may be obtained by serving PRIC's registered agent, Corporation Service Company at 211 E. 7th St., Ste. 620, Austin, TX 78701-3218.

## II.

### Jurisdiction

This Court has jurisdiction of this action under United States Code, Title 40, Sections 3131-3133.

## III.

### Sworn Account/Breach of Contract

1. In the usual course of business, Nora sold to Defendant, Loumos, one or more items of goods, wares, merchandise or services, as shown on the attached statement of account. These goods, wares, services, or merchandise can be more specifically described as rubber flooring and adhesive and related services and materials. Loumos accepted each item and became bound to pay Nora its designated price, which is a reasonable, usual, and customary price for such an item. The statement of account attached hereto as Exhibit "A", is incorporated into this Petition by reference as if copied herein verbatim. This account represents a transaction or series of transactions of which a systematic record has been kept.

2. Loumos defaulted in making required payment on the account on November 30, 2018. After all just and lawful offsets, credits, and payments have been allowed, the principal balance due Nora on the account attached as Exhibit "A" is $17,735.53. Nora has demanded that Loumos pay this amount, but Loumos has not done so.

3. Nora would allege that by the terms of the agreement for services and/or materials

between Nora and Loumos, Loumos promised to pay for the materials and services provided by Nora. Loumos' failure to pay Nora the amount agreed to in the contract, constitutes a material breach of the contract.

4. Nora would further allege that it has fully performed all conditions precedent, covenants, and promises under its contracts with Loumos. As of the date of filing of this petition, Nora's damages due to Loumos' material breach total $17,735.53.

5. Loumos' material breach of the contract has been the direct and proximate cause of damages to Nora as described above. Nora would allege that it is entitled to pre-judgment interest through the date of judgment.

6. Defendant's default has made it necessary for Nora to employ the undersigned attorney to file suit. This claim was timely presented to Defendant and remains unpaid. A reasonable fee for the attorney's services rendered and to be rendered is $15,000.00.

### IV.

### Miller Act

1. Paragraphs I through III are incorporated herein by reference the same as if fully copied and set forth at length.

2. Loumos has entered into a written contract with the United States of America, for construction of improvements at the CDC Circle C Child Development Center [Project], located at 2310 Kenly Ave., Bldg. 8210, San Antonio, Texas.

3. Loumos and PRIC duly executed and delivered to the United States of America a payment bond [Bond] for the protection of all persons supplying labor and material in the prosecution of the work provided for in said contract; such bond was executed in accordance with

the provisions of United States Code, Title 40, Section 3132. A copy of the Bond is attached hereto as Exhibit "B" and incorporated herein for all purposes by reference.

4. Loumos entered an agreement with Nora for Nora to supply rubber flooring and adhesive and related materials required on the Project such as those more specifically described in Exhibit "A", attached hereto and incorporated herein for all purposes by reference.

6. During October 2018, Nora at the special instance and request of Loumos, supplied materials and services to Loumos, all of which were used in the prosecution of the work provided for in the principal contract. Loumos obtained the materials and supplies from Nora and contracted and agreed to pay Nora therefore the sum of $17,735.53, of which Nora has not been paid.

7. The date on which Nora last shipped such materials and services to Loumos was October 29, 2018. A period of more than ninety (90) days has elapsed since the last date on which Nora supplied material to Loumos, and Nora has not been paid in full for such materials.

8. On January 22, 2019, Nora served written notice upon Loumos and PRIC of Nora's claim for the amount owed to Nora for materials furnished on the prosecution of the work provided for in the primary contract. Such notice was duly served by certified mail, return receipt requested, in the manner provided for in United States Code, Title 40, Section 3133, and accurately stated the amount claimed and the name of the party to whom the material was furnished, and otherwise complied with the provisions of the aforesaid statute. A copy of said notice is attached hereto as Exhibit "C" and incorporated herein for all purposes by reference.

9. Loumos' and PRIC's defaults have made it necessary for Nora to employ the undersigned attorney to file suit. This claim was timely presented to Defendants and remains unpaid. A reasonable fee for the attorney's services rendered and to be rendered is $15,000.00.

## V.

## Quantum Meruit

1. Paragraphs I through IV are incorporated herein by reference the same as if fully copied and set forth at length.

2. Pleading further and in the alternative, Nora would show that during October 2018, at the request of Loumos, Nora furnished services and/or materials to Loumos. Loumos accepted the benefits of such services and/or materials and knew, or under the circumstances reasonably should have known, that Nora expected payment from Loumos for such services and/or materials. The services and/or materials furnished by Nora were reasonably worth the sum of $17,735.53 at the time same were furnished.

3. There remains due and owing to Nora the sum of $17,735.53 which Loumos has failed and refused to pay although proper demand for payment has been made by Nora.

4. Nora's claim was timely presented to Loumos and remains unpaid. More than thirty (30) days have elapsed since such presentation to Loumos, and it has become necessary for Nora to acquire the outstanding balance to which it is entitled. In accordance with 38.001 of the Texas Civil Practice and Remedies Code, Nora is entitled to reimbursement by Loumos for its reasonable attorney's fees, which reasonable attorney's fees Nora alleges to be at least $15,000.00 through trial, plus an additional $10,000.00 for an appeal to Civil Court of Appeals, if such an appeal is had, and an additional $10,000.00 for an appeal to the Supreme Court of Texas, if such an appeal is had.

5. Nora would further show that, by virtue of the provisions of Section 302.002 of the Texas Finance Code, interest on open accounts accrues at the rate of six percent (6%) per annum, commencing on the thirtieth day from and after the time such sum is due and payable. Nora is,

therefore, entitled to prejudgment interest at the rate of six percent (6%) per annum from the 30th day after each unpaid invoice that constitutes part of the open account became due and payable.

## Prayer

WHEREFORE, the United States of America, on behalf of and for the use of Nora ELECTRIC BUIDINGS AMERICAS, INC., prays judgment against Defendants, LOUMOS GROUP LLC and PLATTE RIVER INSURANCE COMPANY, as follows:

1. Judgment against LOUMOS GROUP LLC and PLATTE RIVER INSURANCE COMPANY, jointly and severally, for damages in the amount of $14,700.60, plus prejudgment interest at the rate of 6% percent from November 30, 2018, until date of judgment; and

2. Judgment against LOUMOS GROUP LLC and PLATTE RIVER INSURANCE COMPANY, jointly and severally, for attorney's fees in the amount of $15,000.00, plus contingent attorney's fees in the event this matter should be appealed to another Court; and

4. Cost of suit; and

5. Post judgment interest at the rate of 5% per annum from the date of judgment until paid in full; and

6. Such other and further relief at law and in equity, until paid in full.

Respectfully submitted,

LAW OFFICES OF CHARLES E. WEAR, JR., PC

By: _____
Charles E. Wear, Jr.
State Bar No. 20992800
1811 W. Park Row
Arlington, TX 76013
(817) 277-2229
(817) 274-7528 facsimile
charles@wear-law.com
Attorneys for Plaintiff